**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LASHAWNE LEE**, on behalf of herself and all others similarly situated, | ) |
| | ) Case No. |
| | ) |
| Plaintiff, | ) Judge |
| | ) |
| vs. | ) |
| | ) **COLLECTIVE ACTION AND CLASS** |
| **CARE FOR YOU HOME HEALTH CARE** | ) **ACTION COMPLAINT** |
| **AGENCY, LLC,** | ) |
| | ) **JURY DEMAND ENDORSED HEREON** |
| - and - | ) |
| | ) |
| **SHATANIE BREWER,** | ) |
| | ) |
| Defendants. | ) |

Plaintiff Lashawne Lee ("Plaintiff"), by and through counsel, for her Class and Collective

Action Complaint against Defendants Care For You Home Health Care Agency, LLC ("Defendant

Care For You") and Shatanie Brewer ("Defendant Brewer") (collectively "Defendants"), seeking

all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") §§ 4111 *et seq.*

("OMFWSA").  The following allegations are based on personal knowledge of Plaintiff's own

conduct, and upon information and belief as to the conduct and acts of others:

### INTRODUCTION

1) This case challenges policies and practices of Defendants that violate the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the OMFWSA; and concerns the

underpayment of overtime to Plaintiff and others similarly situated.

2) Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C.

§216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

1

be maintained against any employer … by any one or more employees for and on behalf of himself or herself and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" employees who may join this case pursuant to §216(b) (the "Opt-Ins").

3)      Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA for unpaid overtime on behalf of herself and all similarly situated employees currently or previously employed by Defendants in Ohio within the two (2) years preceding the filing of this Action.

## JURISDICTION AND VENUE

4)      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5)      Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6)      The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7)      Plaintiff Lee is an adult individual, residing in Summit County, Ohio, who was jointly employed by Defendants as a Home Health Aid from approximately April 2017 to March 2019.

8)      Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) as **Exhibit A**.

9)      Defendant Care For You is a for-profit Ohio corporation that is registered to conduct business in Ohio. Defendant's principal place of business is located in Akron, Ohio

2

(Summit County). Defendant Care For You can be served through its Statutory Agent Shatanie Brewer, at 1650 W. Market Street, Suite 32, Akron, Ohio  44313.

10)     Defendant Brewer is an individual residing in this District. She is the owner, statutory agent, and incorporator of Defendant Care For You.  Defendant Brewer can be served at 1650 W. Market Street, Suite 32, Akron, Ohio  44313.

## FACTUAL ALLEGATIONS

11)     At all relevant times, Defendants are and have been individually and jointly in the business of providing home health care.

12)     Plaintiff and others similarly situated were jointly employed by Defendants as non-exempt home health care providers.

13)     Plaintiff and others similarly situated were required to travel to and from more than on work location within the same work day, but were not paid for this drive time.

14)     Plaintiff and others similarly situated regularly worked more than 40 hours in a workweek.

15)     Defendants' failure to pay drive time resulted in overtime violations.

16)     Plaintiff estimates approximately 50 to 75 similarly situated employees.

17)     At all relevant times, Plaintiff and those similarly situated were employees of Defendants within the meaning of the FLSA and the OMFWSA.

18)     At all relevant times, Defendants were individual and joint employers within the meaning of the FLSA and the OMFWSA.

19)     At all relevant times, Defendants comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

20) At all relevant times, Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

21) At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the OMFWSA.

22) At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

23) At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

24) At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

25) At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff and others similarly situated.

26) At all relevant times, Defendants shared ultimate authority and control of employment records.

27) At all relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

28) At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

29) At all relevant times, Defendants shared the services of Plaintiff and others similarly situated.

30)     At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

31)     Defendants knowingly and willfully engaged in the violations of the FLSA and the OMFWSA described herein.

32)     The exact amount of unpaid overtime compensation that Defendants failed to pay Plaintiff and others similarly situated is not yet known by Plaintiff, because most, if not all, records needed to make such calculations are within the possession or control of Defendants or were not kept by Defendants.

33)     The FLSA and the OMFWSA require employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. To the extent that Defendants failed to make, keep, and preserve records of all required and unpaid work performed by Plaintiff and other similarly situated employees, including drive time, Plaintiff is entitled to a reasonable estimate of such time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35)     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of other similarly situated employees who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

36)     The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

**All former and current Home Health Aides, or similar home care providers with different job titles, who worked for Defendants at more than one location in a**

5

**workday during any workweek within three (3) years preceding the Complaint filing date and through the final disposition of this matter (the "FLSA Collective").**

37)    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

38)    The similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

39)    Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and a class of current or former employees employed by Defendants in Ohio, defined as:

**All former and current Home Health Aides, or similar home care providers with different job titles, who worked for Defendants at more than one location in a workday during any workweek within two (2) years preceding the Complaint filing date and through the final disposition of this matter (the "Ohio Overtime Class").**

40)    The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Overtime Class; but, upon information and belief avers that each class consists of at least 50 to 75 employees (the exact number will be in Defendants' records).

41)     There are questions of law or fact common to the Ohio Overtime Class including: whether Defendants' practices in Ohio resulted in its employees not being paid overtime wages and whether such wages remain unpaid.

42)     Plaintiff will adequately protect the interests of the Ohio Overtime Class members. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Overtime Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Overtime Class in this case.

43)     The questions of law or fact that are common to the Ohio Overtime Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

44)     Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Overtime Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Overtime Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Overtime – FLSA Collective)**

45)     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46)  Defendants are individual and joint "employers" covered by the minimum wage and overtime requirements of the FLSA.

47)  The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

48)  As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, and were not paid for drive time which resulted in unpaid overtime in those workweeks.

49)  Defendants' failure to keep records of all drive time each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA.

50)  By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

51)  As a result of Defendants practices and policies, Plaintiff and the FLSA Collective members have been damaged in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

52)  Pursuant to the FLSA, Plaintiff are entitled to attorneys' fees and costs incurred.

**<u>COUNT TWO</u>**
**(Overtime Violations – Ohio Overtime Class)**

53)  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54)  Ohio law requires employers to pay overtime in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. §§ 207, 213, as amended; and O.R.C. § 4111.03(A).

55)     Defendants are individual and joint "employers" covered by the overtime requirements set forth in the OMFWSA.

56)     The OMFWSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

57)     As employees of Defendants, Plaintiff and others similarly situated work or worked more than 40 hours in a workweek, and were not paid overtime compensation for all hours worked in excess of 40.

58)     Defendants violated the OMFWSA by not paying Plaintiff and others similarly situated drive time, which resulted in unpaid overtime.

59)     Plaintiff and others similarly situated were not exempt under the OMFWSA.

60)     Defendants' practice and policy of not paying Plaintiff and other similarly situated employees drive time resulted in not being paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek in violation of the OMFWSA.

61)     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

62)     As a result of Defendants' practices, Plaintiff and the Ohio Overtime Class members have been damaged in that they have not received wages due to them pursuant to the OMFWSA; and because wages remain unpaid, damages continue.

63)     Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A.  Conditionally certifying this case as a "collective action" pursuant to 29 U.S.C. §216(b); and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt-in;

B.  Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S. C. § 216(b), and the Ohio Overtime Class members;

C.  Award Plaintiff, and the collective and class she represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D.  Award Plaintiff, and the collective and class she represents, pre-judgment and post-judgment interest at the statutory rate;

E.  Award Plaintiff, and the collective and class she represents, attorneys' fees, costs, and disbursements; and

F.  Award Plaintiff, and the collective and class she represents, further and additional relief as this Court deems just and proper.

Date:  June 10, 2019                    Respectfully submitted,

                                        **NILGES DRAHER LLC**

                                        */s/ Shannon M. Draher*
                                        Shannon M. Draher (0074304)
                                        Hans A. Nilges (0076017)
                                        7266 Portage Street, N.W., Suite D
                                        Massillon, OH 44646
                                        Telephone:     (330) 470-4428
                                        Facsimile:     (330) 754-1430
                                        Email:  sdraher@ohlaborlaw.com
                                                hans@ohlaborlaw.com

                                        Christopher J. Lalak (0090079)
                                        614 W. Superior Ave., Suite 1148
                                        Cleveland, OH 44113
                                        Telephone:     (216) 230-2955
                                        Email:  clalak@ohlaborlaw.com

                                        *Counsel for Plaintiff*


## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                        */s/ Shannon M. Draher*
                                        Shannon M. Draher (0074304)